IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERSON RICKSTREW, in his capacity as Trustee of the MBEA Employee Stock Ownership Plan,<br><br>　　　Plaintiff,<br><br>　v.<br><br>ALAN WEISSMAN,<br><br>　　　Defendant.<br>_____/<br>ALAN WEISSMAN,<br><br>　　　Third-Party Plaintiff,<br><br>　v.<br><br>MARILYN BURNS EDUCATION ASSOCIATES, INC., a California corporation, MINERVA ACQUISITION, Inc., a California corporation, and DOES 1 through 15, inclusive,<br><br>　　　Third-Party Defendants.<br>_____/ | No. C 12-03133 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND VACATING HEARING** |

**INTRODUCTION**

In this ERISA action, plaintiff moves for judgment on the pleadings pursuant to FRCP 12(c) as to plaintiff's claim for breach of fiduciary duty to hold plan assets in trust. For the reasons stated below, plaintiff's motion for judgment on the pleadings is **DENIED**.

**STATEMENT**

Marilyn Burns Education Associates, Inc. provided K-12 mathematics instruction and development services for school districts in the United States and Canada. The MBEA employee stock option plan's assets were held in trust in a trust account by Charles Schwab Corporation. Plaintiff Emerson Rickstrew is the current trustee of the plan, while defendant Alan Weissman was the trustee prior to Rickstrew, from January 2005 until November 2011.

Between September 2010 and February 2011, defendant wrote ten checks totaling $397,500 from the plan's trust account to a bank account held in the name of Studio Photo Imaging, Inc. (Compl. ¶ 26). Neither MBEA nor the plan had any business dealings with Studio Photo; however, defendant was the chairman of the board of directors of Studio Photo from January 2003 until January 2010 (*id.* at ¶ 27). Studio Photo had ceased business operations in approximately 2010 and was insolvent.

Defendant admitted to all of these facts in his answer (Answer ¶¶ 8, 13, 5, 6, 16, 26–28 ). Based on defendant's answer, plaintiff moves for judgment on the pleadings pursuant to FRCP 12(c) on its claim that defendant violated the statutory requirement to hold the plan's assets in trust under ERISA Section 403(a), as codified in 29 U.S.C. Section 1103(a).

**ANALYSIS**

FRCP 12(c) allows for any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. The principal difference between a FRCP 12(b)(6) motion and FRCP 12(c) motion is the timing of filing. *Dworking v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. *Ibid*.

This motion arises on the pleadings. The pleadings are exceedingly sparse in this particular matter. It is undisputed that defendant "wrote ten checks totaling $397,500 from the []

trust account to a [] bank account held in the name of Studio Photo Imaging, Inc." (Compl. ¶ 26). The reason for this transfer, however, is disputed. Although plaintiff alleges that defendant "used the ESOP funds transferred to Studio Photo [][] in his own interest or for his own account" (*id*. at ¶ 29), there is reason on the pleadings that the money was transferred to obtain a higher interest rate for the benefit of the plan's participants (Opp. at 2). The extent to which the facts support defendant's reasoning is unclear. Facts will be proven at trial. Plaintiff cites to no authority that holds any transfer of money from a trust account into a bank account constitutes a breach of fiduciary duty to hold a plan's assets in trust. When actual facts and circumstances are known, a determination will be made as to whether or not a breach of fiduciary occurred. On these narrow grounds, plaintiff's motion for judgment on the pleadings is **DENIED**.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings is **DENIED**. The hearing set for October 4, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 25, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3